No. 25-1063

# United States Court of Appeals
## For the First Circuit

_____

NORTH END CHAMBER OF COMMERCE, INC.; 119 SALEM ST., INC., d/b/a Ristorante Euno; ANTICO FORNO, INC., d/b/a Antico Forno; AQUA PAZZA, INC., d/b/a Aqua Pazza; ASSAGGIO, INC., d/b/a Assaggio; DOLCE, INC., d/b/a Dolce; FULL COMP, INC., d/b/a Mare Oyster Bar; IL PANINO EXPRESS, INC., d/b/a Quattro Ristorante; IL PANINO, INC., d/b/a Trattoria Il Panino [Parmenter St.]; MARNICO, INC., d/b/a Nico Ristorante; MONICA'S TRATTORIA ON PRINCE, INC., d/b/a Monica's Trattoria; MONICA'S, INC., d/b/a Vinoteca di Monica, d/b/a Monica's Restaurant; NICOMAR, INC., d/b/a Strega; SCHIAFFO, INC., d/b/a Carmelina's; STREGA PIZZERIA & CAFE CORP., d/b/a Rina's; TERRAMIA, INC., d/b/a Terramia Ristorante; TRATTORIA IL PANINO HANOVER, INC., d/b/a Trattoria Il Panino [Hanover St.]; TRESCA RESTAURANT GROUP, LLC, d/b/a Tresca; UMBRIA NORTH END, INC., d/b/a Umbria; VADO PAZZO, INC., d/b/a Bricco Ristorante & Enoteca; VILLA FRANCESCA'S, INC., d/b/a Ristorante Villa Francesca,

Plaintiffs-Appellants,

(For Continuation of Caption and Counsel See Inside Front Cover)

_____

On Appeal from the United States District Court for the District of Massachusetts
in Civil Action No. 1:24-cv-10039-LTS

_____

**SUR-REPLY OF DEFENDANT-APPELLEE CITY OF BOSTON**

_____

Dated: July 22, 2025

_____

CASARECCE LLC, d/b/a Casarecce Restaurant,

Plaintiff,

v.

CITY OF BOSTON,

Defendant-Appellee.

_____

Counsel for Defendant-Appellee
**CITY OF BOSTON**

Samantha H. Fuchs
First Circuit Bar No. 1202037
Senior Assistant Corporation Counsel

Randall F. Maas
First Circuit Bar No. 1204232
Senior Assistant Corporation Counsel

Samuel B. Dinning
First Circuit Bar No. 1215223
Senior Assistant Corporation Counsel

City of Boston Law Department
One City Hall Square, Room 615
Boston, MA 02201
(617) 635-4034
samantha.fuchs@boston.gov
randall.maas@boston.gov
samuel.dinning@boston.gov

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................... ii

DISCUSSION ...........................................................................................1

CONCLUSION .........................................................................................3

CERTIFICATE OF COMPLIANCE...................................................................5

CERTIFICATE OF SERVICE .......................................................................6

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Ondine Shipping Corp. v. Cataldo</u>, 24 F.3d 353 (1st Cir. 1994).................................1

<u>Rodi v. S. New England Sch. Of L.</u>, 389 F.3d 5 (1st Cir. 2004)...............................2

## DISCUSSION

The City of Boston (the "City") submits this sur-reply as a response to Plaintiffs-Appellants' (the "Restaurants") reply brief. For the first time in their reply brief, the Restaurants insert certain facts and arguments, which they – at least in part – acknowledge were not contained in the Second Amended Complaint ("SAC"). See Restaurants' Reply Brief at 6 n. 4 ("The quotation was not attributed to any individual in the complaint."). These new facts and arguments concern one quotation in an email sent by a City official. The City welcomes this Court's review of the entire email from which the quotation was drawn. However, given that the Restaurants' added facts have come at this late stage, and to avoid any concerns regarding waiver of privilege beyond this specific document, the City asks instead that this Court disregard any newly added facts and argument. See, e.g., id. at 6 (identifying the author of the email as "the City's corporation counsel" and citing related websites); id. at 8 (making arguments based, in part, on "the document's author"); id. at 9 (making arguments based on the author being corporation counsel).

The Restaurants should not be permitted to make new allegations in their reply brief that are neither contained in the SAC nor in their opening brief. See Ondine Shipping Corp. v. Cataldo, 24 F.3d 353, 356 (1st Cir. 1994) ("[I]t is settled law that an appellant waives arguments which should have been, but were not,

1

raised in its opening brief."). For the first time in their reply brief, the Restaurants add new allegations that the author of a quote they previously cited without attribution is the City's Corporation Counsel, "the highest-ranking lawyer in the City, a 'longtime friend' of the mayor, and a member of the mayor's cabinet." Reply Brief at 6. The Restaurants then make arguments based on these new allegations. See, e.g., id. at 9 ("The City's corporation counsel is not a low-level employee"). These assertions, which are irrelevant to the issues before this Court, are not contained in the SAC or any prior briefing to either this Court or the district court; they should not be considered on appeal. [1]

If this Court considers the new allegations, the City requests that the Court review the entire email from which the Restaurants pull the quotation in question. See Rodi v. S. New England Sch. Of L., 389 F.3d 5, 12 (1st Cir. 2004) ("In ruling on whether a plaintiff has stated an actionable claim, an inquiring court, be it a trial or appellate court, must consider the complaint, documents annexed to it, and other materials fairly incorporated within it"). In this event, the City would further seek confirmation that any waiver of the attorney-client privilege was limited to the

---

[1] The SAC referred to the City as a whole, and did not refer directly to the individual who wrote the email with the quotation at issue. See RA A16-17 ¶ 18 ("in an internal e-mail, the City considered retaliating by imposing a ban of outdoor dining."); A59 ¶ 190 ("in an internal e-mail, the City contemplated what action it would take if the restaurants elected to file suit"); A186 ¶ 636 ("in an internal e-mail, the City even discussed banning the plaintiffs from 2022 Outdoor Dining Program").

email in question, and would request an opportunity to brief that issue, if necessary.

**CONCLUSION**

For the reasons set forth above, the City respectfully requests that this Court exclude from its consideration any new allegations not contained in the SAC.

Date: July 22, 2025

Respectfully submitted,

**CITY OF BOSTON**

By its attorneys,

ADAM N. CEDERBAUM
Corporation Counsel

/s/ Samantha H. Fuchs
Samantha H. Fuchs
First Circuit Bar No. 1202037
Senior Assistant Corporation Counsel
Randall F. Maas
First Circuit Bar No. 1204232
Senior Assistant Corporation Counsel
Sam Dinning
First Circuit Bar No. 1215223
Senior Assistant Corporation Counsel
City of Boston Law Department
One City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4034
samantha.fuchs@boston.gov
randall.maas@boston.gov
samuel.dinning@boston.gov

4

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Samantha Fuchs, certify pursuant to Fed. R. App. P. 32(g) that this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because the entire document contains 582 words, as verified by the word count function of Microsoft Word, the word-processing system used to prepare this brief. I further certify that this document complies with the typeface requirements of Fed. R. App, P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in Microsoft Word using 14-point Times New Roman font, a proportionally-spaced typeface.

Dated: July 22, 2025

*/s/ Samantha Fuchs*
Samantha H. Fuchs

## CERTIFICATE OF SERVICE

I, Samantha Fuchs, certify that on July 22, 2025, a true and accurate copy of the foregoing document was electronically filed with the United States Court of Appeals for the First Circuit by using the CM/ECF system and that all counsel of record will be served by the CM/ECF system.

*/s/ Samantha Fuchs*
Samantha H. Fuchs